## HUME <em>v.</em> HUME.

A submission and award are admissible as *prima facie* evidence, to sustain an action of debt on the award.

An award may be good and valid, though an unauthorized, and therefore void judgment may have been entered upon it; and in such a case an action of debt upon the award may be sustained.

Where by a family arrangement a dispute respecting an obscure will was submitted to men, who made a fair and just award, such submission, if by a guardian, is for the benefit of his ward, and valid; at any rate, it would only be voidable by the infant on coming of age.

Twenty-eight years acquiescence in an award and enjoyment of land under it by a party, interpose a strong obstacle to any attempt to rid himself of the sum to be paid for it, by nice objections to the form of the submission.

ERROR to the Common Pleas of Cumberland county.

*June 9.* This was an action of debt on an award of referees, brought by John Hume, the plaintiff in error, against Samuel Hume, to recover two certain sums of money payable by the defendant to the plaintiff, under said award. James Hume, by his will, dated the 25th of June, 1811, and proved on the 6th of October of the same year, gave all his real and personal estate to his wife and ten children, three of whom were minors, in the manner following:

" My dear wife, Frances Hume, I will unto her the one-third of all my property real and personal, during her life, and at her death, the same property to be divided among my surviving children, share and share alike, my six sons, Samuel, William, James, Andrew, John and David Hume, to be share and share alike, in both real and personal property, excepting $227 that my son Samuel has received extraordinary, which said sum must be paid back unto the other five sons. My four daughters, Ann Swiler, Isabella McClintock, Frances and Jane Hume, I allow in this my will that each and every of them shall and will draw out of my property, at a valuation and appraisement of both real and personal, one-third less in every part than my sons ; my daughters Ann Swiler and Isabella McClintock having received, viz., Ann Swiler $80, and Isabella McClintock $120 extra, which said sums must be deducted out of their amount. My sons Samuel Hume and Andrew, the upper or mountain place, the same place for them to live and dwell on ; the house that is now building thereon, and barn to be built at the expense of the whole. My sons William and James, the rest of my children, to enjoy the mansion-house and lower farm, keep, board and maintain the younger children for the term of seven years, and send the same to school until David, my youngest son, arrives at eighteen years of age, if school is convenient. A valuation of my property to be taken of both real and personal ; the real to be valued by six good judicious neighbours, chosen by my executors in the space of six months from my decease ; the personal property as soon as is convenient, and sale made of the same ; and further, to this my will, I hereby appoint my wife Frances Hume, James Hume, and Samuel Adams, my sole heirs and executors," &c.

The real estate was valued under the directions of the will at $10,800. A dispute, it appeared, existed among the legatees and devisees as to the meaning of the will ; when, by a family arrangement, it was agreed to enter into an amicable action, and to submit all matters in controversy to the decision and settlement of three men. Pursuant to this agreement, an amicable action was entered, in which Frances Hume, (the widow,) John Hume and David Hume, by John Semple, their guardian, Christian Swiler and Ann his wife, John McClintock and Isabella his wife, Joseph Waggoner and Frances his wife, and Jane Hume, by Samuel Adams, her guardian, were plaintiffs, and Samuel Hume, William Hume, James Hume and Andrew Hume were defendants. The submission, upon which this amicable action was entered, was in the following words :

" It is agreed by and between the parties severally, that this

amicable suit be entered of record, together with the report to be made in pursuance of the agreement of the parties, and that judgment be entered on the report when filed, agreeably to the finding of the referees; and that John Clendenin, Esq., Samuel Waugh and William Orr, or any two of them, be and they are hereby appointed referees, to settle between the parties; report to be made and endorsed on this amicable agreement, and filed in the prothonotary's office. And it is agreed that the said referees meet at the house of James Hume, one of the parties, the 26th of May instant, and settle between the parties. The said referees to ascertain and report the sums due to the plaintiffs respectively, out of the valuation of the real estate devised to the defendants severally, by their late father, James Hume, deceased; and in the said settlement, the referees are to take into view and settle the personal estate of the said James Hume, deceased, in the hands of Frances Hume and James Hume, the executors. The judgment to be entered in said report to be several, and not to bind or operate as a lien on any but the estate of the individual party indebted. The report to designate, how much is due to each of the plaintiffs from each of the defendants, and also to settle between the defendants themselves. It is the object of this agreement to have every matter arising out of the estate, or under the will of James Hume, finally settled. Agreed, signed and sealed, the 14th of May, 1818, in presence of Andrew Carothers.

"JOSEPH WAGGONER, [L. S.]    ANDREW HUME,    [L. S.]
"SAMUEL ADAMS,    [L. S.]    FRANCES HUME,    [L. S.]
"SAMUEL HUME,    [L. S.]    JOHN SEMPER,    [L. S.]
"WILLIAM HUME,    [L. S.]    CHRISTIAN SWILER, [L. S.]
"JAMES HUME,    [L. S.]    JOHN McCLINTOCK."[L. S.]

Under this submission, the referees proceeded to discharge the duty assigned to them, and made their award on the 5th of September, 1818; which was duly filed of record, and judgment entered thereon.

It appeared from the report, *inter alia*, that the real estate of the testator was valued, agreeably to the direction given in his will, at the sum of $10,800; that of this sum, $3600, being the one-third thereof, was left in the hands of Samuel Hume, William Hume, James Hume, and Andrew Hume; the interest of which they were to pay yearly to Frances Hume, the widow, during her life; and at her death the said third was to be divided among the children of James Hume, deceased, agreeably to his will. The widow died in 1841. It also appeared from the award, that Samuel Hume, the defendant, was to pay John Hume, the plaintiff, the sum of $415.

On the trial, the plaintiff offered in evidence the record of the ami-cable action, submission, and award, which it was proposed to follow up with proof, that the defendant had been in possession of the land, and had acquiesced in the award and settlement, for twenty-eight years, up to the time of bringing this suit. The defendant objected to the evidence thus offered, for the following reasons:—

"1.' John Hume, the plaintiff, was no party to the submission, and he cannot be bound by the award. It was not signed by him, or on his behalf. John Semple, who signed it, executed it under his own seal, and it does not purport to bind the plaintiff; consequently, if the deed of any one, it is that of John Semple, and not of John Hume, and suit can only be sustained, if at all, in the name of the covenantor.

"2. Other parties, viz., David Hume and Jane Hume, for and against whom the award was made, were not legal parties to the submission or award. It is therefore void.

"3. The form of submission, award and judgment, are unknown to the law, and could not be legally entered of record. The prothonotary had no power to enter judgment. The proceedings are therefore void.

"4. The wives of Joseph Waggoner, Christopher Swiler, and John McClintock, though made parties to the action, did not sign the submission; and the award is for the payment of money to them respectively, not to their husbands, and that Ann Swiler pay $80, &c., and that Isabella McClintock pay $120. The proceedings are therefore inadmissible.

"5. That John Hume, David Hume, and Jane Hume, are not parties to the submission; yet the demand is for the payment of moneys to them, which renders the award void.

"6. There is no award as to the $3600, said to be due at the death of the widow; or if any award, on its face it is prospective, and not certain or final. It merely directs, at the death of the widow, that 'the one-third is to be divided among the children of James Hume, deceased, *agreeably to the will;*' and it is matter of doubt and uncertainty, whether that one-third is to be divided among eight or ten children, as two of the children had died before the death of the widow, as appears by the record offered.

"7. The papers offered are not authenticated.

"8. Whether the submission, award and judgment thereon, be right or wrong, John Hume, the present plaintiff, sued out a writ of *sci. fa.* thereon, No. 72, January Term, 1829, for his use, against

Samuel Hume, the defendant, who appeared thereto, and pleaded payment; which action was pending when this suit was brought, and is still pending, as appears by the record offered. The evidence therefore cannot be admitted, to sustain a new and independent suit for the same cause of action. Further, that sundry writs of *sci. fa.* issued upon the judgment against the defendant—writs of *fi. fa.* and *venditioni exponas*, as appears by the records now offered. Defendant objects to present offer, because it does not embrace the whole record.

"9. If any action could be sustained, it could only be in all the names of the plaintiffs to the original action, for the use of John Hume, and not in his own name singly. The evidence is irrelevant, and cannot support the suit.

"10. The original judgment has been revived by *sci. fa.* as to other defendants, and executed by writs of *fi. fa.* and sale of the real estate of some of them, and joint writs of *sci. fa.* are pending against all, as appears by the record offered. The plaintiff cannot now single out the defendant, and sustain against him a separate suit."

The court rejected the evidence, and sealed a bill of exceptions at the instance of the plaintiff.

The plaintiff removed the record to this court by writ of error, and assigned for error here, the rejection of the evidence offered.

*Biddle* and *Watts*, for plaintiff in error.—The submission is by the several plaintiffs against the several defendants; and the sums due to the plaintiffs respectively by the defendants severally, are to be reported, and only to operate as a lien on the estate of the party indebted. This submission was properly entered into on behalf of the wards, by their guardian. Dowse *v.* Coxe, 3 Bingh. 20; 11 Eng. Com. Law, 14; Kyd on Awards, 39; Billings' Law of Awards, 34; 1 Com. Dig. *Arb. C.* 523; 1 Bacon's Abr. 314. The husbands of the married women had a right to submit. Billings on Awards, 30; Kyd on Awards, 46; Bacon's Abr., title *Arbitrament*, 6. The award is certain as to what is payable at the death of widow; (2 Powell on Devises, 751, marginal;) it refers to survivors at the period of distribution. The submission and award were properly entered. 6 Binn. 333. The pendency of another suit should have been pleaded in abatement. Saund. Pl. & Ev. 20. The defendant, having taken a benefit under the award, cannot now question its validity. Bemus *v.* Quiggle, 7 Watts, 362; Stroble *v.* Smith, 8 Watts, 280;

Adlum *v.* Yard, 1 Rawle, 171. They further cited 1 Chit. Pl. 356; 7 Watts, 412; Galbraith *v.* Galbraith, 6 Watts, 112. Unless the plaintiff can recover in this form of action, he is without a remedy.

*Reed,* for defendant in error.—The submission and award are under seal, and the action can only be sustained by the *covenantors.* John Hume did not execute the submission. It is said, it was done by John Semple, his guardian. If so, it was the covenant of the guardian, and not that of his ward. The suit could only be sustained in the name of the covenantor. It is well settled, that the plaintiff must prove his own execution of the submission. That, the present plaintiff has not offered to do. The proof offered was therefore inadmissible. Chitty on Contracts, 15; Billing's Law of Awards, 159; 7 Barn. & Cresw. 427, in 14 Law Lib. 71; 2 Stra. Rep. 923, 924. An infant cannot enter into a covenant, however much for his benefit. Plat. on Cov. 112, in 3 Law Lib. 50. Several of the plaintiffs named in the original action were not parties to the submission; and a submission and award, void as to one, are void as to all. Power *v.* Power, 7 Watts, 205; Billings on Awards, 159. The submission and award being in reference to the interest of the wives of some of the parties, in real estate under the will of James Hume, the submission by the husbands alone was invalid; (Kyd on Awards, 47;) and the wives not being parties, the award is bad as to them.

The form of the submission and award is unknown to the law, as expressly decided; 2 Watts, 471; 6 Binn. 333. The submission, award, judgment, and amicable action, were, by the agreement of the parties, all to be entered at one time on the docket. Such an entry, if made, is a nullity. It was the *record* that was offered in evidence; and the objections were to the *record.* The objection, that the evidence offered was not authenticated, was in this aspect fatal to its admission. No paper placed upon the record by the prothonotary without authority, is admissible. The award was uncertain. The provision of the *will* for the distribution of this fund was altogether uncertain, and the award merely recited it. Upon the pleadings, the execution of the award should have been proved. 2 Starkie on Evidence, 85.

Again. The original action, as to plaintiffs, is joint; and plaintiffs cannot sever. The proof offered cannot sustain an action in the name of *John* only. 1 Watts, 314; 1 Saund. Rep. 154, note 1; Ibid. 155, note 2; 8 Serg. & Rawle, 308, 311; 1 Chit. on Plead. 3. There is no covenant and no promise in this case, each with the other. As

N 2

to the plaintiffs, the covenant is joint. And the action, if it could be sustained, would have to be joint.

*June 22.* SERGEANT, J.—This case comes up solely on the question, whether the plaintiff's evidence of the submission and award should not have been received; and we think the court ought to have received it as *primâ facie* evidence, at least, to sustain the action of debt upon the award, and that many of the matters stated as objections ought properly to have come from the defendant in the way of answer, and were not reasons for rejecting the evidence. That there had been judgment entered on the award, and *scire facias* issued thereon against the defendants, and sale of the real estate of some of them; that joint writs of *scire facias* were pending; that this action was brought in the name of the wrong party; that the plaintiff had proceeded in an action still pending—were matters of consideration after the evidence should have been given; and might tend to destroy its effect, but not to prevent its. admission. It is not likely that justice can be done and the case properly adjudicated, by confounding together in this way a variety of questions of law and of fact, that require separate and orderly introduction and trial. It may well be, that this submission and award do not come within any act of Assembly or statute, that authorizes judgment to be entered, and therefore the judgment as such would be void; but that does not seem to be a reason why the award should not be good as an award at common law, and binding on the parties as such, though not as a judgment. It seems to us at present, that its efficacy in other respects would not be destroyed, because the parties also agreed, that it should be entered of record, and that judgment. should be entered thereon, and if so, an action of debt would lie upon it. It is true, that the plaintiff could not have proceeded upon it by *scire facias* as a judgment, and by an action of debt upon it as an award at common law, at the same time; and there might therefore have been difficulty in his recovering, had the defendant pleaded so as take advantage of the objection, and relied upon it by way of answer to the evidence. It is certainly a case in which there is a strong foundation of justice and equity on the part of the plaintiff. For twenty-eight years, as the plaintiff offered to prove, the defendant had acquiesced in the award, and enjoyed the land in controversy under it, thereby acquiring his possession and title under it; and now attempts to rid himself of the sum he was to pay for it, by nice objections to the form of this ancient submission, in which both

these parties have so long acquiesced. We are by no means satisfied that there was any thing defective in the submission and award, so as to make it bad as a common law award. If a dispute existed among the legatees and devisees as to the meaning of a very obscure will, and by a family arrangement it was submitted to men, who made a fair and just award, and thereby saved expense, loss, and litigation to all parties, it was for the benefit of the infants, for whom Semple obviously acted in the business as guardian; and according to the rule, that the guardian has authority to act for the benefit of the infant in regard to his property, it would be a valid act, and such as a court of law or equity would sanction. At any rate, it could only be voidable by the infant on coming of age, and here he has acquiesced, and now ratifies by living upon it, and a recovery of the money would be a bar as between these parties, who are the only ones interested in the suit.

If there is any case in which the maxim, *quod ab initio non valet, tractu temporis convalescit,* would apply, it seems to me it is the present, were it necessary to apply it. But without giving an opinion at all on all the points thrown together promiscuously in the objection to evidence, it is sufficient to say, we think the case ought to be tried over again.

Judgment reversed, and a *venire facias de novo* awarded.